IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv98

| | |
|---|---|
| MICHAEL CHRISTOPHER MARAIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUNCOMBE COUNTY SHERIFF'S ) <br> DEPARTMENT, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND RECOMMENDATION |

Pending before the Court is Defendant's Motion to Dismiss [# 5]. Plaintiff brought this action against the Buncombe County Sheriff's Department pursuant to 42 U.S.C. § 1983 asserting claims pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as a state law claim for trespassing. All of the claims stem from three occasions that deputies with the Buncombe County Sheriff's Department came to his home to verify his address in the sex offender registry. Defendant moves to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT** the Defendant's Motion to Dismiss [# 5].

## I. Background

Plaintiff is a registered sex offender who resides in Weaverville, North Carolina. (Pl.'s Compl. pp. 1-2.) During the summer of 2011, Plaintiff was outside his residence one night painting his truck and listening to music when two uniformed sheriff's deputies walked up his driveway and startled Plaintiff. (Id. p. 3.) The deputies asked Plaintiff for his identification, social security number, and phone number. (Id.) The deputies informed Plaintiff that they were conducting a yearly verification for the sex offender registry. (Id.) The next day, Plaintiff went to the sheriff's office to complain about the visit from the deputies. (Id.)

The following year, two uniformed deputies parked a marked car on a public road around 7:00 p.m. and proceeded to walk down Plaintiff's driveway. (Id. pp. 2-4.) Plaintiff was in the shower and listening to music at the time. (Id. p. 2.) When Plaintiff heard banging on the front door, he wrapped a towel around himself and stuck his head out of the bathroom door. (Id.) When he stuck his head out the door, Plaintiff noticed one of the deputies looking through the window. (Id.) Plaintiff answered the door, and the deputies told him to get dressed and come outside. (Id.) Subsequently, the deputies asked to see Plaintiff's identification and for his phone number. (Id.) The deputies stated that they were conducting a yearly verification of the sex offender registry. (Id. at p. 3.) Once

Plaintiff showed the deputies his identification and provided his phone number, the deputies left. (Id.)

Finally, Plaintiff points to a third occasion that deputies visited his residence, but provides no time frame for when the visit occurred. (Id.) Plaintiff contends that on this occasion a deputy drove up the driveway in his patrol car and honked the horn. (Id.) Plaintiff ran outside and walked over to the patrol car where the deputy told him he did not want to get out of the car because of Plaintiff's dog. (Id.) The deputy asked for Plaintiff's identification for purposes of verifying the sex offender registry and then left. (Id.) As a result of these three events, Plaintiff claims that he suffered mental anguish and stress. (Id. at pp. 4.) This action ensued.

Plaintiff's Complaint asserts three claims against the Buncombe County Sheriff's Department. Count One asserts a claim pursuant to the United States Constitution for infringing Plaintiff's constitutional right of privacy. (Id. at p. 2.) Count Two asserts a claim pursuant to the Fourth Amendment based on an alleged unlawful search and seizure. (Id. at p. 3.) Count Three asserts a state law claim for trespassing. Subsequently, Defendant moved to dismiss the Complaint in its entirety. Defendant's motion is now properly before the Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.

___, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ___, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. The Section 1983 Claims**

As a threshold matter, the Complaint only asserts claims against the Buncombe County Sheriff's Department. Plaintiff did not assert claims against the sheriff or any of the individual deputies that came on his property and verified his information. North Carolina district courts have repeatedly held that a sheriff's department in North Carolina is not an entity capable of suit pursuant to Section

1983. See Parker v. Bladen Cnty., 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008); Bettis v. Madison Cnty. Sheriff's Dep't, No. 1:10-cv-69-RJC, 2012 WL 161250 (W.D.N.C. Jan. 19, 2012) (Conrad, C.J.); Robbinson v. Iredel Cnty. Sheriff's Office/Dep't, No. 5:09cv131-V, 2011 WL 5974535, at *1 n.1 (W.D.N.C. Nov. 29, 2011) (Voorhees, J.); Landry v. North Carolina, No. 3:10-cv-0585-RJC-DCK, 2011 WL 3683231 (W.D.N.C. Mar. 11, 2011) (Keesler, Mag. J.). For this reason alone, Plaintiff's Section 1983 claims are subject to dismissal.

Even had Plaintiff named the proper parties in this case, however, his Section 1983 claims would still be subject to dismissal. The actions of the deputies on the three occasions in question did not violate the Fourth Amendment's protections against unreasonable searches and seizures. As the United States Court of Appeals for the Fourth Circuit has explained, "just as private citizens may approach a home, absent contrary instructions from the owner, to knock on a door, so may the police approach without probable cause, a warrant, or exigency." Rogers v. Pendleton, 249 F.3d 279, 289 (4th Cir. 2001); see also United States v. Roberts, 467 F. App'x 187, 188 (4th Cir. 2012) (unpublished); Pena v. Porter, 316 F. App'x 303, 313 (4th Cir. 2009) (unpublished). Accepting the allegations in the Complaint as true, the deputies approached Plaintiff's residence on three occasions over the course of several years for a legitimate reason - to verify his identity and phone number for

the sex offender registry pursuant to N.C. Gen. Stat. § 14-208.9A(b), which provides that the "sheriff is authorized to attempt to verify that the offender continues to reside at the address last registered by the offender." There are no allegations that any search of Plaintiff or his premises occurred or that any seizure of his person occurred. On each occasion, the deputies immediately left once Plaintiff provided them with identification and a phone number. There are no allegations that the deputies entered his home or any enclosed area. Put simply, the factual allegations alleged do not state a Section 1983 claim based on an alleged unauthorized search or seizure under the Fourth Amendment.

Moreover, to the extent that Plaintiff intended to assert a Section 1983 claim under Monell v. New York City Dep't of Soc. Serv., 436 U.S.658 (1978), based on an official custom or policy adopted by the Sheriff, such a claim must also fail. Even assuming that the Buncombe County Sheriff developed a policy whereby deputies would verify the address of the registered sex offenders residing in Buncombe County on a yearly basis by visiting them at the address listed, the Complaint fails to state a claim because such a policy cannot create liability for the Sheriff or the Sheriff's office because the actions of the deputies in carrying out the policy did not violate the Fourth Amendment. See Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 420 (4th Cir. 1996) (holding that absent underlying constitutional

violation, no Section 1983 liability attaches to a supervisor or municipality); Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (Section 1983 liability arises only where a constitutionally offensive act was taken pursuant to a municipal policy or custom).

Finally, the Complaint does not state a claim for a violation of Plaintiff's constitutional right to privacy. The United States Supreme Court has recognized a constitutional right to privacy protected by the Fourteenth Amendment to the United States Constitution. See Nat'l Aeronautics and Space Admin. v. Nelson, 113 S. Ct. 746, 751 (2011); Whalen v. Roe, 429 U.S. 589, 599-600, 97 S. Ct. 869, 876 (1977); Taylor v. Best, 746 F.2d 220, 225 (4th Cir. 1984). This right to privacy includes the "individual interest in avoiding disclosure of personal matters." Whalen, 429 U.S. at 599, 97 S. Ct. at 876; Nelson, 113 S. Ct. at 751. The actions of the deputies in confirming Plaintiff's identity, address, and phone number with the information on the sex registry, however, does not implicate any constitutional right to privacy. In fact, federal courts have held that the state-required sex offender registries, including the release of such information to the public, does not violate an individual's constitutionally protected right to privacy. See e.g. Cutshall v. Sundquist, 193 F.3d 466, 481 (6th Cir. 1999); A.A. ex rel. M.M. v. New Jersey, 341 F.3d 206, 212-13 (3rd Cir. 2003). The actions of the officers in asking Plaintiff

to confirm his address, name, and phone number are significantly less invasive than the public disclosure found to be constitutional in Cutshall and New Jersey. Accordingly, the Court finds that the Complaint fails to state a Section 1983 claim based on the right to privacy. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] as to Counts One and Two.

### B. The State Law Claim

Count Three of the Complaint states a claim for trespass. Having recommended that the District Court dismiss all the federal Section 1983 claims against Defendant, the Court recommends that the District Court decline to exercise supplemental jurisdiction over the state law trespass claim. See 28 U.S.C. § 1367(c)(3); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995).

### IV. CONCLUSION

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 5] as to all federal claims and decline to exercise supplemental jurisdiction over the state law claim.

Signed: October 2, 2012

*[signature]*

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).